State of Wisconsin, Plaintiff-Respondent,
v.
Adam V. Tovsen, Defendant-Appellant.
No. 03-3164-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 22, 2004.
¶ 1 VERGERONT, J.[1]
Adam Tovsen appeals the judgment of conviction for operating a motor vehicle while intoxicated, third offense, in violation of WIS. STAT. § 346.63(1)(a). The issue on appeal is whether the officer had the requisite reasonable suspicion to detain him and administer field sobriety tests. We conclude the officer did, and we therefore affirm.

BACKGROUND
¶ 2 Deputy Sheriff Shawn Goyette was the only witness to testify at the hearing on Tovsen's motion to suppress evidence. He testified as follows. He was on duty at 2:45 a.m. on December 14, 2002, driving north on Division Street in the City of Mauston, Juneau County. As he approached the stop lights at the intersection of Division Street and State Street, he observed the light on State Street change from yellow to red and the light on Division Street change to green. He saw a vehicle traveling west on State Street drive through the intersection when the traffic light was red. The deputy turned onto State Street and activated his squad car lights.[2] The deputy did not observe the vehicle speeding.
¶ 3 The vehicle stopped and the deputy approached the vehicle, observing two people inside. The driver identified himself as Tovsen by producing his license, and there was nothing unusual in the manner in which he produced his license. As the deputy was speaking to Tovsen, he detected an odor of intoxicants coming from the vehicle. The deputy asked Tovsen if he had been drinking, and Tovsen answered that he had been.
¶ 4 The deputy next asked Tovsen to perform some field sobriety tests, and Tovsen did. Tovsen's performance on these tests indicated to the deputy that Tovsen was under the influence of intoxicants. The deputy then arrested Tovsen.
¶ 5 Based on the deputy's testimony, the trial court denied Tovsen's motion to suppress the results of the blood alcohol tests taken after Tovsen's arrest. The trial court concluded that the stop of the vehicle was permissible because it drove through a red light and, once the officer smelled alcohol and Tovsen acknowledged he had been drinking, the deputy acted properly in investigating further by administering the field sobriety tests. The court also concluded that the results of those tests with the other information the deputy had were sufficient to constitute probable cause for an arrest.

DISCUSSION
¶ 6 On appeal, Tovsen argues that, although the deputy acted properly in stopping his vehicle because he went through a red light, the deputy violated his Fourth Amendment right against unreasonable seizures by extending the initial stop for the field sobriety tests. According to Tovsen, even after detecting the odor of intoxicants from the vehicle and after Tovsen's acknowledgment that he had been drinking, the officer did not have grounds to reasonably suspect that Tovsen was driving while under the influence of an intoxicant.
¶ 7 In order to justify an investigatory seizure under the Fourth Amendment, the police must "have a reasonable suspicion, grounded in specific articulable facts and reasonable inferences from those facts, that an individual is [or was] violating the law." State v. Colstad, 2003 WI App 25, ¶8, 260 Wis. 2d 406, 659 N.W.2d 394. The violation may be of either a criminal law or a non-criminal traffic law. See id., ¶13. The question of what constitutes reasonable suspicion is a common sense test: under all the facts and circumstances present, what would a reasonable police officer reasonably suspect in light of his or her training and experience. Id., ¶8. Reasonableness is measured against an objective standard taking into consideration the totality of the circumstances. State v. Richardson, 156 Wis. 2d 128, 139, 456 N.W.2d 830 (1990). If, during a valid traffic stop, the officer becomes aware of additional suspicious circumstances that give rise to a reasonable suspicion that the driver has committed or is committing an offense distinct from that prompting the initial stop, the officer may extend the stop for further investigation. Colstad, 260 Wis. 2d 406, ¶19.
¶ 8 A trial court's determination of whether undisputed facts establish a reasonable suspicion justifying police to perform an investigative stop presents a question of law, subject to de novo review. Id., ¶8.
¶ 9 We conclude that the deputy here did have the requisite reasonable suspicion to extend the initial stop to administer field sobriety tests. It is true, as Tovsen contends, that WIS. STAT. § 346.63(1)(a) does not prohibit operating a motor vehicle after having consumed alcohol, but, rather, prohibits driving "under the influence of an intoxicant ... to a degree which renders [one] incapable of safely driving." County of Jefferson v. Renz, 222 Wis. 2d 424, 444, 588 N.W.2d 267 (Ct. App. 1998), rev'd on other grounds, 231 Wis. 2d 293, 603 N.W.2d 541 (1999). However, we disagree with Tovsen's contention that the facts and circumstances known to the deputy here were not sufficient to provide a reasonable officer with a reasonable basis for suspecting that Tovsen's consumption of alcohol had rendered him incapable of driving safely. Driving through a red light may reasonably be viewed as an indication that the driver is not driving safely. The odor of intoxicants coming from Tovsen's vehicle and Tovsen's admission that he had been drinking provide a factual basis for the reasonable inference that Tovsen's consumption of alcohol had impaired his ability to drive safely.
¶ 10 Tovsen argues that the deputy did not know how much Tovsen had to drink and observed no signs of intoxication. However, Tovsen had driven through a red light and a reasonable officer could infer that was caused by the consumption of alcohol, and, thus, that Tovsen had had enough to drink to affect his ability to drive safely. A reasonable officer could also infer from the odor of alcohol coming from the vehicle that Tovsen had consumed a significant amount of alcohol. The availability of alternative reasonable inferences favorable to Tovsensuch as that the odor of alcohol came from the passenger, not Tovsen, or his driving through the red light was caused by an inattentiveness unrelated to alcohol consumptiondoes not defeat reasonable suspicion; an officer is not obligated to accept the inferences consistent with innocence rather than those consistent with guilt. See State v. Jackson, 147 Wis. 2d 824, 835, 434 N.W.2d 386 (1989); Colstad, 260 Wis. 2d 406, ¶14.
¶ 11 Finally, Tovsen emphasizes this testimony of the deputy:
Q. Before you asked him to step out of his vehicle, what indications did you have that Mr. Tovsen's ability to operate a motor vehicle was impaired?
A. I guess at that time I didn't, until I had him step out of the vehicle.
However, because we employ an objective test, Richardson, 156 Wis. 2d at 139, the deputy's answer to this question is not dispositive.
¶ 12 Because the trial court correctly concluded that the deputy had the requisite reasonable suspicion to extend the stop for field sobriety tests, we affirm the trial court's judgment of conviction.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The parties dispute whether the officer had his squad lights on for four or five blocks before Tovsen stopped, or only two blocks. The deputy's testimony is not entirely clear on this point and the court did not make any factual findings on this point. We therefore do not consider the length of time Tovsen took to stop as a factor in our decision